## OSSIPEE *v.* GRANT.

When a book account is proved, and the accuracy of the book-keeper is involved, it is not error of law to allow other accounts in the same book to be introduced in impeachment of his accuracy; but how much time will be profitably and properly spent on the collateral inquiry is a question of fact to be determined at the trial term.

A fraudulent concealment of a cause of action to suspend the statute of limitations need not be proved in civil actions beyond reasonable doubt.

ASSUMPSIT, to recover $536.78 and interest. Plea, general issue, and statute of limitations. Writ dated April 1, 1876. The plaintiff town had borrowed of the defendant $500, which was repaid, and, as the plaintiffs claimed, was repaid by mistake a second time, March 10, 1865, with interest, which the defendant denied. The plaintiffs put in evidence the books of the town, kept by the treasurer, and called one Gilman as a witness, who testified that he found a deficiency upon the books of $500 hired of the defendant, and not accounted for. Upon cross-examination, the defendant was not permitted to ask the witness if he discovered discrepancies in the treasurer's accounts with other persons; and the defendant excepted.

The plaintiffs claimed that the statute of limitations was suspended because the defendant fraudulently concealed the cause of action. The defendant excepted to the refusal of the court to charge that the plaintiffs must prove such concealment beyond a reasonable doubt. Verdict for the plaintiffs.

*Worcester & Gafney,* for the defendant.

*Quarles* and *Copeland,* for the plaintiffs.

BINGHAM, J. The question which the defendant desired to ask did not relate to errors in the account in controversy, but in other accounts. Its purpose was to test the correctness of the book-keeper. When a book account is proved, and the accuracy of the book-keeper is involved, it is not error of law to allow other accounts in the same book to be introduced in impeachment of his accuracy: but how much time will be profitably and properly spent on the collateral inquiry is a question of fact to be determined at the trial term.

The request for instructions was properly denied.

*Judgment on the verdict.*

SMITH, J., did not sit: the others concurred.